IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | No. 99-141 |
| STEVE MEDINA | : | |
| | : | |
| | : | CIVIL ACTION |
| | : | |
| | : | No. 14-5175 |

**MEMORANDUM**

YOHN, J.                                                                                                         March 25, 2015

In 1999, Steve Medina was convicted of being a felon in possession of a firearm, and he was subsequently sentenced to a term of 235 months in prison. Now an inmate at the Federal Correctional Institution at Williamsburg, South Carolina, Medina has filed a pro se motion asking the court to alter, amend, or reconsider its judgment. The motion amounts to Medina's fourth collateral challenge to his sentencing, and on review it fares no better than its predecessors. So once again, I cannot and will not grant Medina any of the relief he seeks.

**I.    BACKGROUND AND PROCEDURAL HISTORY**[1]

On July 21, 1999, Steve Medina was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At the time, all parties agreed that due to his prior felony drug-related offenses, Medina was subject to a mandatory minimum sentence of 15 years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).[2] Medina was sentenced to 235 months imprisonment followed by five years of supervised release, and he was ordered to

---

[1] A more comprehensive history of this case can be found in *United States v. Medina*, No. CIV A 01-2771, 2006 WL 3511754, at *1-4 (E.D. Pa. Dec. 5, 2006).

[2] A state drug crime qualifies as an ACCA predicate when the offense "involv[es] manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

pay a fine of $2,000 plus a special assessment of $100.  The Third Circuit affirmed this conviction on direct appeal.  *United States v. Medina*, No. 00-1043 (3d Cir. Sept. 14, 2000).

        A.      **Medina's First Collateral Challenge**

On May 9, 2001, Medina filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The court appointed counsel and directed said counsel to file an amended motion.  In the interim, and with the help of a prison paralegal, Medina filed a pro se affidavit on January 22, 2002, ostensibly to clarify the issues he had previously presented in his pro se § 2255 motion.  In this affidavit, Medina argued that his counsel was ineffective for failing to call several witnesses at trial; he did not raise any issues related to his sentencing.  On March 1, 2002, Medina's appointed counsel filed an amended § 2255 motion.  This motion narrowed the issues, only challenging trial counsel's failure to investigate and present potential defense witnesses.  Like Medina's pro se affidavit, the amended motion did not raise any issues related to sentencing.  The court held an evidentiary hearing on Medina's § 2255 motion on May 22, 2002, and denied the motion on May 23, 2002.  The Third Circuit denied a certificate of appealability on March 3, 2003.  *See* Doc. No. 84.  Medina made no sentencing-related arguments in this application to the Third Circuit.

        B.      **Medina's Second Collateral Challenge**

On August 29, 2003, five months after the Third Circuit denied his request for a certificate of appealability, Medina filed a petition to reopen his § 2255 motion.  Medina argued that his sentence went beyond the statutory maximum because he was improperly classified as an armed career criminal under the ACCA.  Medina further argued that the petition to reopen was not a second or successive § 2255 motion because, read liberally, Medina's original pro se § 2255 motion raised ineffective assistance of counsel at sentencing.  On December 4, 2003, the

court denied Medina's petition without prejudice to Medina's right to seek certification from the Third Circuit to allow a second or successive motion under § 2255. The court held that there was no error in the collateral review process because Medina had waived any claims of ineffective assistance of sentencing counsel that might have been in his original § 2255 motion by filing an amended motion and an affidavit in support of his § 2255 motion, neither of which raised any sentencing issues, and by failing to pursue any claim related to sentencing at the evidentiary hearing. Thus, what remained of Medina's petition was actually a second motion under § 2255, which the court was not empowered to hear without certification from the Third Circuit. Medina appealed, raising sentencing issues related to the use of his underlying drug offenses as predicates for purposes of the ACCA. The Third Circuit denied a certificate of appealability. *United States v. Medina*, No. 99-00141 (3d Cir. July 23, 2004).

    C.    **Medina's Third Collateral Challenge**

On December 22, 2005, Medina filed a motion for relief from judgment or order under Rule 60(b)(6). Medina argued that the court failed to apply a liberal construction to his original pro se § 2255 motion and rule on all of the issues it presented. Medina alleged that he did not understand that appointed counsel had the authority to waive issues in his pro se motion or that the amended motion would supersede his pro se motion. He further argued that the court should therefore have considered and ruled on his ACCA-based sentencing challenge. Specifically, Medina asserted that his prior drug offenses should not have been classified as ACCA predicates because the judgments in those criminal cases did not state the identity or quantity of the controlled substances involved, thus making it impossible to ascertain—on the face of those judgments alone—whether those drug offenses carried a maximum sentence of ten years or more. In the absence of these qualifying predicates, Medina argued, the maximum sentence

authorized for a violation of § 922(g) would have been ten years. Medina also claimed that his counsel was ineffective for failing to direct the court's attention to these issues, and that the Rule 60(b) motion was not a successive or second § 2255 motion because—again, read liberally—Medina raised ineffective assistance at sentencing. Medina further argued that the defect in sentencing could not be waived or defaulted because it is a jurisdictional defect. Finally, Medina asserted that the defect invalidated the sentence, arguing that due process is violated where a court imposes a sentence based on false information or assumptions.

On December 5, 2006, the court denied Medina's Rule 60(b) motion, concluding that his pro se petition—even read liberally—did not provide sufficient notice of any sentencing claims and that, in any event, it was superseded by his amended petition. Moreover, the court determined that Medina's underlying argument lacked merit because there existed sufficient documentary proof to classify his previous criminal convictions as ACCA predicates. Medina again sought a certificate of appealability from the Third Circuit, which denied his request. *United States v. Medina*, No. 07-1192 (3d Cir. June 19, 2007).

### D. Medina's Fourth Collateral Challenge

On September 4, 2014, Medina filed the motion presently at issue, which is styled as a motion to alter or amend judgment, or a motion for reconsideration, or a motion for appropriate relief. Medina makes the same underlying ACCA-related argument as before, but now contends that even if he is otherwise procedurally barred from raising that argument, the court still has the power to consider it under a variety of provisions. The government filed a response on October 16, 2014, arguing that Medina is indeed barred from any of the forms of relief that he seeks.

## II.     DISCUSSION

Interpreting his pro se motion liberally, Medina asks the court to alter or amend his sentence—or at least to consider such a request on the merits—under either Rule 59, § 2255, § 2241, § 1651, or a writ of audita querela. But procedural hurdles prevent me from considering such a request along any of these avenues—and as before, the claim would fail on the merits even if it could have been properly brought before the court.

### A.     Rule 59

Medina's request to "alter or amend judgment" can best be read as a motion under Fed. R. Civ. P. 59(e)—indeed, Medina himself urges the court to view it that way. *See* Medina's Mot. 1-2. It is unclear on the face of the motion whether Medina seeks to alter or amend the court's January 2000 sentencing judgment or the court's December 2006 order denying his previous motion for reconsideration (i.e., the third collateral challenge). But either way, a Rule 59 motion is untimely: according to the plain text of the rule, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Medina is therefore time barred from bringing this motion under Rule 59.[3]

### B.     Section 2255

Medina alternatively seeks relief under 28 U.S.C. § 2255, which provides that "[a] prisoner in custody under sentence of a court established by Act of Congress" can seek to be released "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that

---

[3] If, in the alternative, Medina's filing is liberally read as a motion under Rule 60(b)(6), then it should merely be treated as a second or successive § 2255 petition. *See In re Adderly*, 522 F. App'x 151, 153 (3d Cir. 2013) (nonprecedential) ("The [filing] presents the same issue [petitioner] has tried unsuccessfully to pursue in his two Rule 60(b) motions, and like his Rule 60(b) motions, it seeks to advance one or more substantive claims attacking his armed career criminal sentence. It thus qualifies as second or successive section 2255 motion which cannot proceed in the district court without prior authorization from a court of appeals.").

the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). But Medina previously sought relief from the court on the same basis under § 2255 in his first collateral challenge, which makes the instant request a second or successive motion. Section 2255 states that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h). The Third Circuit has not provided such a certification to Medina, so the court cannot presently entertain Medina's motion under § 2255.[4] *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

C.   **Section 2241**

28 U.S.C. § 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." § 2241(a). As the Supreme Court has explained, the jurisdictional limitation in the statute's text "confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Medina is incarcerated at FCI Williamsburg, located in Salters, South Carolina. *See* Medina's Mot. 12. The "district of confinement" in this

---

[4] By relying on *Descamps v. United States*, 133 S. Ct. 2276 (2013), Medina's motion fails on additional grounds. A § 2255 petition must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). *Descamps* was handed down on June 20, 2013, and Medina filed the instant motion on September 4, 2014, so even if *Descamps* stated a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court—and it does not—the § 2255 claim would still be time barred.

case, therefore, is the U.S. District Court for the District of South Carolina. As a result, this court is without jurisdiction to grant relief to Medina under § 2241.

### D. Section 1651

The All Writs Act, codified at 28 U.S.C. § 1651, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." § 1651(a). The Court has explained, however, that this expansively-worded statute is in practice quite limited:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). The Third Circuit has allowed that such writs may be available "in criminal cases to the extent that [they] fill[] in gaps in the current system of post-conviction relief." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009). But the Third Circuit has also made it clear that where the claim at issue is "cognizable under § 2255," then "[t]here is no gap to fill in the post-conviction remedies." *Id.*

Medina's central claim here is that he was improperly classified as an armed career criminal under the ACCA, wrongly subjecting him to a 15-year mandatory minimum sentence. In other words, Medina is collaterally challenging his 235-month sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law." § 2255(a). Because such a challenge unmistakably falls within the ambit of a § 2255 claim, there is no gap to be filled here by the All Writs Act. I am therefore unable to grant Medina relief under § 1651(a).

7

### E. Writ of Audita Querela

Finally, Medina asserts that if all other options are barred to him on procedural grounds, his challenge should be allowed to move forward as a petition for a writ of audita querela. This argument relies largely on the Second Circuit's decision in *United States v. Richter*, which held that where "the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie." 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). *Richter* itself leans heavily on *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), which considered a Fifth Amendment due process challenge to the procedural requirements of § 2255. As the Third Circuit stated, "Were no other avenue of judicial review available for a party who claims that s/he is factually or legally innocent as a result of a previously unavailable statutory interpretation, we would be faced with a thorny constitutional issue." *Id.* at 248. But the court ultimately did not need to reach the constitutional question, holding that the petitioner had an alternative avenue for relief available. *Id.*

Setting aside the fact that Medina has not claimed factual or legal innocence, he likewise has an alternative avenue for his challenge: § 2255. That the filing is a second or successive § 2255 motion—and requires certification by the Court of Appeals to be heard—does not affect this analysis. *See Massey*, 581 F.3d at 174 (holding that petitioner "may not seek relief via a petition for a writ of audita querela because his claim is cognizable under § 2255" and that he "may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements . . . for filing a second or successive § 2255 motion"). A writ of audita querela can only be used as a gap-filler, and in this case, as in *Massey*, "[t]here is no gap to fill in the post-conviction remedies." *Id.* Therefore, I cannot issue a writ of audita querela here.

For the foregoing reasons, I will deny Medina's motion. An appropriate order follows.