IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION |
| STEVE MEDINA, | No. 99-141 |
| *Defendant.* | |

**PAPPERT, J.**                                                                                       **August 23, 2016**

### MEMORANDUM

Steve Medina ("Medina") filed a "Motion for *Nunc Pro Tunc* Application of Guideline Amendment to U.S.S.G. § 5G1.3" on July 15, 2015. (ECF No. 120.) He subsequently filed a "Motion to Vacate/Set Aside/Correct Sentence" under 28 U.S.C. Section 2255 on April 8, 2016. (ECF No. 124.) Because Medina has not received certification from the Third Circuit Court of Appeals to file a second Section 2255 motion, the Court dismisses his motions without prejudice.

### I.

Medina was convicted of possession of a firearm by a convicted felon and sentenced to a term of imprisonment of 235 months with 5 years of supervised release. (ECF Nos. 38–39.) Following an unsuccessful direct appeal, Medina filed a *pro se* petition under Section 2255 to vacate, set aside or correct his sentence on May 9, 2001. (ECF No. 62.) Medina was appointed counsel and subsequently filed an amended Section 2255 petition on March 1, 2002. (ECF No. 72.) Following an evidentiary hearing, the Court denied Medina's petition on May 23, 2002. (ECF No. 76.) Medina appealed the Court's order and the Third Circuit denied his application for a certificate of appealability on February 28, 2003. (ECF No. 84.)

Represented by new counsel, Medina filed a petition to re-open his Section 2255 petition on August 29, 2003, arguing for the first time that he was not eligible for enhanced punishment as an armed career criminal.  (ECF No. 86.)  The Court determined it could not hear Medina's second Section 2255 motion given that the Third Circuit had not certified the appeal as mandated by Section 2255(h).  (ECF No. 90.)  Medina appealed that ruling and the Third Circuit again denied his application for a certificate of appealability on July 28, 2004.  (ECF No. 95.)

Medina subsequently filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from judgment.  (ECF No. 98.)  The Court denied Medina's motion and held, in part, that "Rule 60(b) is simply not the appropriate vehicle for bringing claims related to the constitutionality of his sentencing; such claims are properly brought in a § 2255 motion."  *United States v. Medina*, No. 01-cv-2771, 2006 WL 3511754, at *6 (E.D. Pa. Dec. 5, 2006).  The Court nevertheless considered Medina's substantive claim and found that it lacked merit.  *See generally id.* at *8–10.  Medina appealed and on June 20, 2007 the Third Circuit denied his application for a certificate of appealability stating, in relevant part: "We note that the appellant's arguments are not substantially different from those we rejected in a previous appeal, C.A. 04-1251."  (ECF No. 112.)

On September 9, 2014 Medina filed another motion to vacate, set aside or correct his sentence under Section 2255.  (ECF Nos. 113.)  Noting that this was essentially Medina's "Fourth Collateral Challenge," the Court denied his motion because: (1) "procedural hurdles prevent[ed] [the court] from considering [the] request"; and (2) the petition failed even when considered on the merits.  (ECF Nos. 118–19.)

Medina filed his motion for *nunc pro tunc* application of a guideline amendment on July 15, 2015.  (ECF No. 120.)  The government responded on October 5, 2015.  (ECF No. 123.)

Before the Court ruled on his motion, Medina filed another Section 2255 motion seeking to vacate, set aside or correct his sentence. (ECF No. 124.) Medina's second motion seeks relief in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because Medina's first motion was filed nearly a month after *Johnson* was decided, the Court construes both of Medina's motions as attacking the validity of his sentence in light of *Johnson*. *See, e.g.*, *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

## II.

Medina's motion for *nunc pro tunc* application of a guideline amendment asks the Court to "consider all possible bases of authority even though none may be identified by the defendant." (Def.'s Mot. at 4, ECF No. 120.) Because both of Medina's motions seek to attack the validity of his sentence, the Court analyzes them under 28 U.S.C. Section 2255. *See, e.g.*, *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2255 . . . is expressly limited to challenges to the validity of the petitioner's sentence.").

The Court has already denied the relief Medina seeks on four different occasions. *See United States v. Medina*, No. 14-cv-5175, 2015 WL 1380006, at *1–5 (E.D. Pa. Mar. 25, 2015) (denying Medina's "Fourth Collateral Challenge" where "procedural hurdles prevent[ed] [the court] from considering [the] request" and the petition failed even when considered on the merits); (*see also* ECF Nos. 76, 95, 107, 119.) Section 2255 provides that:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

>convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  Section 2244 states that "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  28 U.S.C. § 2244.

Medina has not filed such a motion with the Third Circuit Court of Appeals.  The Court accordingly denies Medina's motions and directs him, if he chooses, to file a proper motion with the Third Circuit.  *See, e.g.*, *United States v. Malachi*, No. 08-cr-411-16, 2016 WL 3926487, at *2 (W.D. Pa. July 18, 2016) (citing *Holland v. Warden Canaan USP*, 569 F. App'x 86, 87 (3d Cir. June 17, 2014) ("Because defendant has not received certification from the United States Court of Appeals for the Third Circuit to file a second § 2255 motion, this court has no authority to consider his motion.").[1]

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1] To the extent Medina's first motion seeks relief under 28 U.S.C. Section 2241, the Court denies the motion for lack of jurisdiction.  Section 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  Because Medina is incarcerated in South Carolina, this Court lacks jurisdiction to hear his Section 2241 claim.